IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HOUSTON POLICE OFFICERS' PENSION SYSTEM § § § § § V. § § STATE STREET BANK & TRUST § COMPANY and STATE STREET § GLOBAL ADVISORS § | Civil Action No. 4:08-cv-00333 |

**Plaintiff HPOPS's Supplemental Brief in Support of Its
Opposition to Defendants' Motion for Summary Judgment**

State Street has argued that a trial in this matter could be avoided based on its affirmative defense of mitigation. The following summarizes State's Street argument:

1. By June 2007, HPOPS had invested $54 million in State Street's Limited Duration Bond Fund ("LDBF").

2. By mid-August 2007, HPOPS knew enough about the LDBF that it should have immediately sold all of its LDBF holdings to mitigate damages.

3. In mid-August 2007, HPOPS's shares in the LDBF could have been sold for $35.5 million.

4. If HPOPS had sold its LDBF holdings at that time, HPOPS only would have lost $18.5 million ($54 million - $35.5 million = $18.5 million).

5. HPOPS received $21.6 million in March 2010 from an SEC settlement fund, which should be credited against HPOPS's claim.

6. Since $18.5 million in compensatory damages is less than $21.6 million in settlement credits, HPOPS has no damages and thus is entitled to no trial.

As explained in HPOPS's opposition to State Street's motion for summary judgment and HPOPS's motion for partial summary judgment, State Street's premises and conclusion above are invalid on both factual and legal grounds. Thus, granting summary judgment in favor of State Street would be improper. But even assuming for the sake of argument that State Street's premises were correct, State Street's conclusion would not follow because a settlement credit

1

cannot be used to extinguish a claim on summary judgment unless it (1) exceeds the "maximum amount of liability" claimed by the plaintiff and (2) "punitive damages are not at issue."[1]

This principle defeats State Street's motion for summary judgment on mitigation for two reasons. First, punitive damages are at issue. *See* Dkt. 1 at 52. Second, the alleged settlement credit does not exceed the maximum amount of liability claimed by HPOPS.

In particular, in addition to compensatory damages, HPOPS seeks other recoverable amounts, including punitive damages, attorney's fees, and interest. *See* Dkt. 1 at 52.[2] By March 2010, attorney's fees and interest alone exceeded $5.5 million, which is greater than the $2.1 million difference between the alleged settlement credit ($21.6 million) and the alleged limit on HPOPS's compensatory damages ($18.5 million).[3]

As such, even if HPOPS suffered only $18.5 million in compensatory damages (disputed premise 4), and even if the entirety of the SEC settlement amount were treated as a settlement credit (disputed premise 5), that credit would not exceed the maximum amount of liability claimed. State Street thus is incorrect to suggest that its mitigation argument could establish a basis to avoid trial.

## Conclusion

For the foregoing reasons, and those previously presented, the Court should deny State Street's motion for summary judgment with respect to the argument of mitigation.

---

[1] *See Cohen v. Arthur Andersen, L.L.P.*, 106 S.W.3d 304, 309-10 (Tex. App.—Houston [1st Dist.] 2003, no pet.) ("The one satisfaction rule is a ground for summary judgment in cases when (1) the one satisfaction rule applies, (2) the settlement credit entirely sets-off the maximum amount of liability claimed by the plaintiff, and (3) punitive damages are not at issue.").

[2] *See Cohen*, 106 S.W.3d at 309 (including attorney's fees and interest as part of the "maximum amount of liability" (citing *El Paso Natural Gas Co. v. Berryman*, 858 S.W.2d 362, 364 (Tex. 1993))).

[3] Prejudgment interest at 5% from January 29, 2008 (the date suit was filed) through March 5, 2010 (the date of the SEC payment) would exceed $1.93 million (2.097 years $x$ $18.5 million $x$ 5% = $1,939,725), and it is undisputed in the summary judgment record that HPOPS's attorney's fees and related case expenses (not including expert fees and expenses) exceeded $3.59 million through January 2010.

Respectfully submitted,

**BURFORD, HAWASH, MEADE & GASTON LLP**

By: /s/ *Robert R. Burford*
Robert R. Burford
TBA No. 03371700
Andrew K. Meade
TBA No. 24032854
1221 McKinney, Ste. 3150
Houston, Texas 77010
Telephone: (713) 658-9001
Facsimile: (713) 658-9011

**GIBBS & BRUNS LLP**

By: */s/ Grant J. Harvey*
Grant J. Harvey
TBA No. 09177700
Caren S. Sweetland
TBA No. 24001333
Laura Carlock
TBA No. 24027221
1100 Louisiana, Suite 5300
Houston, Texas 77002
Telephone: (713) 650-8805
Facsimile: (713)750-0903

ATTORNEYS FOR PLAINTIFF HOUSTON POLICE OFFICERS' PENSION SYSTEM

## Certificate of Service

I hereby certify that on February 2, 2012 a true and correct copy of the foregoing instrument has been served following counsel of record for defendants via the PACER electronic filing system (as an exhibit to a motion for leave to file this instrument):

Harvey J. Wolkoff
Ropes and Gray
Prudential Tower
800 Boylston Street
Boston, MA 02119-3600
617-951-7000
Fax: 617-235-0224

David A. Clark
Beirne Maynard Parsons LLP
1300 Post Oak Blvd
25th Floor
Houston, TX 77056-3000
713-623-0887
Fax: 713-960-1527

Jeffrey Roger Parsons
Beirne Maynard et al
1300 Post Oak Blvd
25th Floor
Houston, TX 77056
713-960-7302
Fax: 713-960-1527

                                               */s/ Robert R. Burford*
                                                  Robert R. Burford